# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-1418

———————

| | | |
|---|---|---|
| Aldifonso Federico Gonzales, Jr., | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| United States of America, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

———————

Submitted: November 1, 2011
Filed: November 16, 2011

———————

Before WOLLMAN, SMITH, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

In this action brought under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq., Aldifonso Gonzales, Jr. appeals the district court's[1] order granting summary judgment for the United States and denying his motion to compel discovery. We affirm.

———————

[1]The Honorable D. Price Marshall, Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommendation of the Honorable Beth Deere, United States Magistrate Judge for the Eastern District of Arkansas.

While a Bureau of Prisons inmate at the Federal Correctional Institute at Forrest City, Gonzales was assaulted by other inmates and sustained numerous injuries. He alleged the assault resulted from the negligence of the officer on duty in his housing unit on the evening in question, because the assigned officer did not prevent inmates who were not assigned to the unit from entering the unit.

Upon de novo review, we conclude summary judgment was proper. See Oppliger v. United States, 637 F.3d 889, 892 (8th Cir. 2011) (standard of review). We agree with the district court that the assigned officer's conduct fell within the discretionary-function exception to the FTCA. See 28 U.S.C. § 2680(a) (discretionary-function exception to FTCA precludes government liability for claims based on government's exercise or failure to exercise discretionary function); Hart v. United States, 630 F.3d 1085, 1088 (8th Cir. 2011) (discretionary-function exception applies when conduct at issue was discretionary and was based on considerations of public policy). None of the statutes, regulations, or policies Gonzales identified required the assigned officer to ensure that no non-resident inmate entered the housing unit, and the United States provided evidence that there was no such affirmative requirement, and that policy considerations made such a requirement impracticable.

We also conclude the district court did not abuse its discretion in denying Gonzales's motion to compel further discovery. See Kilpatrick v. King, 499 F.3d 759, 766 (8th Cir. 2007) (denial of motion to compel discovery reviewed for gross abuse of discretion).

Accordingly, we affirm.

_____